IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MY OWN MEALS, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. |
| | ) | |
| PURFOODS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, My Own Meals, Inc. ("Plaintiff") by and through its attorneys, alleges its complaint against Purfoods, LLC ("Defendant") as follows:

**THE PARTIES**

1. Plaintiff is a duly organized and existing Delaware corporation with its principal place of business at 400 Lake Cook Road, Suite 107, Deerfield, Illinois 60015.

2. On information and belief, Defendant is a company formed under the laws of the State of Iowa with its principal place of business at 3210 SE Corporate Woods Drive, Ankeny, Iowa 50021.

**JURISDICTION AND VENUE**

3. Plaintiff brings this action against Defendants for declaratory judgment pursuant to 28 U.S.C §§2201 and 2202, for the purpose of determining a question of actual controversy among the parties, namely, whether Plaintiff infringes on U.S. Reg. No. 4,316,266 for Defendant's mark "MOM'S MEALS and Design", registered April 09, 2013, and U.S. Reg. No. 2,430,824 for Defendant's mark "MOM'S MEALS", registered February 27, 2001.

4. This action arises under the Trademark Laws of the United States, 15 U.S.C. §§1051-1129, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202(a).

5. The Court has original jurisdiction over all actions arising thereunder, 15 U.S.C. §1121, 28 U.S.C. §1331.

6. This court has personal jurisdiction over Defendant since Defendant purposefully availed itself of such jurisdiction by sending a cease-and-desist letter within this district, wherein Defendant asserted infringement of various intellectual property rights and also by virtue of certain correspondence between the parties in which Defendant threatened to take action if Plaintiff continued to use its trademark.

7. By asserting infringement of certain rights, Defendant has created an actual and justiciable case and controversy between itself and Plaintiff.

## FACTS

8. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

9. Plaintiff is the owner of various federally registered trademarks, known as United States Trademark Registration Nos. 1,470,809, 1,548,528, 3,964,874, 5,631,463, and 6,067,075 registered respectively on December 29, 1987, July 18, 1989, May 24, 2011, December 18, 2018, and June 2, 2020 ("Plaintiff's Registrations"). A true and accurate copy of Plaintiff's Registrations is attached hereto as Exhibit A.

10. Plaintiff filed a use-based application for the mark M.O.M. Ser. No. 88/509,153 in International classes 29, 30, 35, 39, and 43 on July 11, 2019, with a first use date in interstate commerce of 1987 for classes 29, 30, 35 and 39 and 1991 for class 43 ("M.O.M. App"). A true and accurate copy of M.O.M. App is attached hereto as Exhibit B.

11. Plaintiff is one of the first companies to enter the shelf-stable meals market and is recognized as the creator of children's shelf stable meals, the creator of the first dual certified kosher and halal shelf stable meals, the creator of kosher certified and halal certified institutional meal programs, and the creator of US Military Religious Rations known as Meals Ready to Eat (MRE)-Kosher and Meals Ready to Eat (MRE)-Halal.

12. In 1987, Plaintiff introduced a line of all-natural, no MSG, no preservatives shelf stable meals developed for the taste and nutritional needs of children ages 2-10.

13. On April 17, 1987, Plaintiff filed Application Serial No. 73/655,766 to register the mark MY OWN MEAL in International Class 29 in connection to the following goods: prepackaged prepared meals namely, meat and vegetable entrees, which registered on December 29, 1987 (Reg. No. 1,470,809) with a first use date in interstate commerce in 1987.

14. On November 4, 1988, Plaintiff filed Application Serial No. 73/761,781 to register mark MY OWN MEAL in International Class 30 in connection to the following goods: prepackaged, prepared pasta dinners, which registered on July 18, 1989 (Reg. No. 1,548,528) with a first use date in interstate commerce in 1988.

15. On May 14, 2010, Plaintiff filed Application Serial No. 85/039,297 to register the mark MY OWN MEAL and Design in International Class 29 in connection to the following goods: packaged meals consisting primarily of meat, fish, poultry or vegetables, which registered on May 24, 2011 (Reg. No. 3,964,874) with a first use date in interstate commerce in 1987.

16. On April 4, 2018, Plaintiff filed Application Serial No. 87/862,862 to register the mark MY OWN MEAL and Design in International Class 29 in connection to the following

goods: prepackaged prepared meals, namely, meat and vegetable entrees, which registered on December 18, 2018 (Reg. No. 5,631,463) with a first use date in interstate commerce in 1987.

17. On June 15, 2019, Plaintiff filed Application Serial No. 88/475,046 to register the mark MY OWN MEALS in International Class 43 in connection to the following services: food preparation services; food distribution services, which registered on June 2, 2020 (Reg. No. 6,067,075) with a first use date in interstate commerce in 1987.

18. As early as 1986, Plaintiff started using the mark MOM or M.O.M., an acronym for My Own Meals and My Own Meal (hereinafter references to "MOM" include "M.O.M."). *See* Declaration of Mary Anne Jackson attached as Exhibit C.

19. As early as 1988, Plaintiff's PR campaigns used MOM in its press releases leading to printed articles, stories and case studies, television and radio news reports and programs, and public speaking events. *See* https://www.myownmeals.com/marketing-publicity-history/.

20. As early as 1988, publications, television, radio and public speaking events referred to Plaintiff as MOM. Id.

21. Plaintiff has consistently and substantially exclusively been referred to as "MOM" in the food industry for over three and a half (3.5) decades. Id.

22. Plaintiff's website www.myownmeals.com includes national and international TV and radio appearances, print articles and cover stories, and books which contain references to Plaintiff and its products as MOM.

23. On July 11, 2019, Plaintiff filed Application Serial No. 88/509,153 (under examination) to register the mark M.O.M. in International Classes 29, 30, 35, 39 and 43 in connection

to the following goods and services: prepackaged, prepared meals consisting principally of meat or vegetables; prepackaged, prepared meals consisting principally of meat or vegetables and also including potatoes; prepackaged prepared meals, namely, meat and vegetable entrees; prepackaged, prepared pasta dinners; prepackaged, prepared pasta meals consisting primarily of pasta featuring tomato, cheese, or vegetable sauces; prepackaged entrees consisting primarily of pasta or rice; prepackaged meals consisting primarily of pasta or rice; wholesale food distributorship services; food delivery services; food preparation services.

24. On July 19, 2012, Defendant filed Application Serial No. 85/681,167 to register the mark Mom's Meals and Design including a spoon, ![Mom's Meals logo], (hereinafter "Mom's Meals Design Mark") in International Class 42 in connection with the following services: food preparation, namely, preparation of home cooked meals and preparation of frozen or shelf-stable meals; restaurant services featuring home delivery[.]

25. On November 28, 2012, the Mom's Meals Design Mark was amended from International Class 42 to Class 43.

26. On April 9, 2013, the Mom's Meals Design Mark registered claiming a first use date in interstate commerce in 2010.

27. The deadline to file a Section 8 renewal for the Mom's Meals Design Mark was April 9, 2019. The deadline to file said renewal during the grace period was October 9, 2019. On September 26, 2019, Defendant filed a Section 8 & 15 renewal for the Mom's Meals Design Mark.

28. On May 12, 1999, Mom's Meals, Ltd. filed Application Serial No. 75/703,467 to register the mark MOM'S MEALS in International Class 42 ("Mom's Meals Word Mark").

29. The Mom's Meals Word Mark registered on February 27, 2001 (Reg. No. 2,430,824) claiming a first use date in interstate commerce in 1999.

30. On April 29, 2020, the Examiner assigned to the M.O.M. App issued an Office Action (OA). The OA states that she received a Letter of Protest.

31. The Letter of Protest was sent by or on behalf of Defendant.

32. The Examiner of the M.O.M. App refused the application under Section 2(d) likelihood of confusion due to the prior existing registrations of Mom's Meals Word Mark and Mom's Meals Design Mark.

33. On or about March 12, 2020, Plaintiff filed a Notice of Opposition against Defendant's Application Serial No. 88/611,072 for the mark MOM'S MEALS.

34. On or about March 12, 2020, Plaintiff filed a Petition for Cancellation of Mom's Meals Word Mark and Mom's Meals Design Mark.

35. On or about January 20, 2022, Plaintiff filed a Second Amended Petition for Cancellation.

36. On or about January 14, 2022, counsel for Defendant sent a "cease and desist" letter to Plaintiff, complaining that Plaintiff's use of "MOM" "M.O.M." and "MOM MEAL" is virtually identical to its client's trademark "MOM'S MEALS". A copy of the cease-and-desist letter attached as Exhibit D.

37. As set forth herein above, Plaintiff adopted and has used "MOM" and "M.O.M" prepackaged prepared meals since at least as early as 1986. Defendant has objected to such usage, claiming rights in the alleged trademark "MOM'S MEALS," and Defendant

has sent at least one cease and desist letter to Plaintiff, as set forth above. Additionally, during discussions with Plaintiff, Defendant raised objections to continued use of the trademark MOM and M.O.M. As a result thereof, a justiciable controversy exists between Plaintiff and Defendant regarding the alleged trademark rights of Defendant and the alleged infringement of those rights by Plaintiff.

### COUNT I - DECLARATORY JUDGMENT OF NON INFRINGEMENT

38. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as though fully set forth therein.

39. Defendant's claim of infringement by Plaintiff's use of MOM and M.O.M. is frivolous and without legal basis.

40. A case of actual controversy between Plaintiff and Defendant exists under 28 U.S.C.§§ 2201 and 2202.

41. Further, Plaintiff is a prior user of the MOM and M.O.M. marks, from as early as 1986, and has priority rights to the marks in controversy.

42. Based on correspondence from Defendant's attorneys, My Own Meals, Inc. has a reasonable apprehension that Defendant will initiate suit against My Own Meals, Inc. to enjoin My Own Meals, Inc. from continuing to use its "M.O.M." mark in connection with its prepackaged, prepared meals.

43. Accordingly, Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 *et seq.*, that it has not infringed any trademark rights of Defendant in using "M.O.M." "MOM" or "MOM MEAL" with respect to its goods.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

A. That the Court declare that Plaintiff has not infringed any valid trademark or other intellectual property right of Defendant;

B. That Defendant pay to Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees, as the Court may allow Plaintiff; and

C. Such other and further relief as the court may deem just and proper.

Dated: February __, 2022

                    Respectfully submitted,

                    ADVITAM IP

                    By: /Michele S. Katz/
                    Michele S. Katz
                    ADVITAM IP, LLC
                    150 S. Wacker Drive, Suite 2400
                    Chicago, IL 60606
                    Tel: (312) 332-7710
                    Fax: (312) 332-7701
                    Email: mkatz@advitamip.com
                    Attorneys for Plaintiff My Own Meals, Inc.

## **CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing COMPLAINT FOR DECLARATORY JUDGMENT was served upon Defendant by electronic mail, on this ___ day of _____ 2022, addressed to:

Wendy K. Marsh
Allison E. Kerndt
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309
wkmarsh@nyemaster.com
aekerndt@nyemaster.com

                                           By: /Michele S. Katz/
                                                Michele S. Katz